Argued March 15, affirmed April 3, 1928.

## STARK–DAVIS CO. *v.* V. L. LANSDON ET AL.

### (265 Pac. 792.)

Mechanics' Liens — Materialman, Installing Furnace Pursuant to
Negotiations With Owner, Held Original Contractor as Bearing
on Validity of Lien.

1.  Materialman, installing furnace pursuant to negotiations with
owner, *held*, as bearing on validity of lien subsequently filed, an
original contractor, though owner had entered into a written con-
tract with another for construction of dwelling and furnishing of
all material therein.

Mechanics' Liens—Person Contracting to Construct Dwelling Held
Original Contractor as Bearing on Validity of Lien, Notwith-
standing Change in Contract.

2.  Person contracting for construction of house, and agreeing
to furnish all material used therein, *held* an original contractor as

affecting validity of lien, though changes were made in original
contract, in violation of express agreement therein forbidding
changes, except in writing.

Mechanics' Liens, 40 **C. J.**, p. 163, n. 7.

From Multnomah: GEORGE ROSSMAN, Judge.

Department 1.

This is an appeal from a decree foreclosing a mechanic's lien in favor of plaintiff and another lien in favor of defendant, J. E. Sandstrom. The appeal presents no controverted question of law. The issues joined here are wholly on the facts.    AFFIRMED.

For appellants there was a brief over the name of *Messrs. Latourette & Latourette,* with an oral argument by *Mr. John R. Latourette.*

For respondent Stark-Davis Co. there was a brief and oral argument by *Mr. W. Y. Masters.*

For respondent J. E. Sandstrom there was a brief over the name of *Messrs. Lewis & Lewis,* with an oral argument by *Mr. Arthur H. Lewis.*

COSHOW, J.—Plaintiff claims to be an original contractor. Defendant contends that plaintiff contracted with defendant Sandstrom and that plaintiff did not give notice of furnishing material used in the construction of a dwelling-house within five days from the time plaintiff began supplying said material. Plaintiff sold and installed a furnace in said dwelling. Defendants Lansdon and Sandstrom entered into a written contract for the construction of said dwelling in which contract defendant Sandstrom agreed to furnish all material and construct said dwelling for defendants Lansdon for a specified sum. This con-

tract, however, seems to have been more honored in its breach than in its performance. It is like the parson's text, used as a point of departure rather than as a subject of discourse.

1. The testimony preponderates in favor of plaintiff that he dealt directly with the defendants Lansdon when it sold and installed the furnace. Plaintiff and defendants Lansdon had considerable conversation a number of times about the work and defendants Lansdon paid $25 over and above the cost of installation for the purpose of installing a vent. The plans shown to plaintiff originally provided for two flues or chimneys. One of these was eliminated so that when plaintiff began preparing to install the furnace which was to be heated with gas, there was no vent and plaintiff, on that account, refused to install the gas furnace. After considerable negotiations with defendants Lansdon the latter agreed to pay $25 additional in order to provide a vent. All of these negotiations were directly between plaintiff and defendants Lansdon. The original contractor Sandstrom had nothing to do with them. Plaintiff did not file its lien within thirty days from the time the dwelling was completed and did not give notice within five days from the time plaintiff began supplying material. Hence the validity of its lien depended wholly upon whether it was an original or a subcontractor. We concur with the decision of the learned circuit judge. Plaintiff was an original contractor.

2. Many objections are made to the lien of defendant Sandstrom who was without question an original contractor. There were so many changes made in the original contract that it does not express the contract between the parties thereto. We have carefully considered the evidence. We concur with the learned

Circuit Court. The evidence is very contradictory. The conduct of defendants Lansdon and defendant Sandstrom in respect to the contract is a demonstration of how not to transact such business. The owner of premises on which he is constructing a building may be absolutely protected by adhering to his contract and making changes only in writing. The contract between the owners in the instant case and the original contractor, defendant Sandstrom, provided that no changes would be made except in writing. In their course of proceeding they almost entirely ignored the written contract. The result is misunderstanding and the filing and foreclosing of the liens.

The decree of the Circuit Court is affirmed.

AFFIRMED.

RAND, C. J., and McBRIDE, J., concur.

ROSSMAN, J., took no part in the decision of this case.